**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL D. NORTHAM, | No. 25-2999 |
| Plaintiff - Appellant, | D.C. No. 1:23-cv-00132-TJC |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted July 9, 2026**
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.

Michael D. Northam appeals the district court's order affirming the

Commissioner of Social Security's denial of his application for disability benefits.

We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review the district court's order de novo and may reverse an administrative law judge's ("ALJ") denial of benefits only when that decision is "based on legal error or not supported by substantial evidence in the record." *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citation omitted). Substantial evidence is "more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation modified).

1.      The ALJ did not "improperly discount[] the opinions of Teresa Donato," a counseling therapist.  The ALJ permissibly concluded that Donato's opinion was unsupported by her own treatment notes and was inconsistent with other medical evidence in the record.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (explaining that, under the revised regulations that apply to disability claims filed on or after March 27, 2017, an ALJ "must articulate how persuasive it finds all of the medical opinions from each doctor or other source and explain how it considered the supportability and consistency factors in reaching these findings" (citation modified)).  Contrary to her opinion that Northam was "severely limited," Donato's therapy notes repeatedly reported that Northam's "overall level of mental and emotional functioning suggests no difficulty and/or impairment."  Elsewhere in her notes, Donato described "mild difficulty and/or impairment," but never indicated a severe limitation.  Moreover, other medical

25-2999

professionals who evaluated Northam's functionality concluded that he was able to perform at least some work. Accordingly, the ALJ's decision to discount Donato's opinion is supported by substantial evidence. *See id.* at 787 ("Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence."); *see also id.* at 792–93 (holding that substantial evidence supported an ALJ's determination that an examining physician's opinion was "unpersuasive because it was inconsistent with the overall treating notes and mental status exams in the record").[1]

2. Next, Northam argues that the ALJ improperly discounted his subjective testimony. The ALJ determined that Northam presented objective medical evidence of impairments that could reasonably be expected to cause his alleged symptoms. Accordingly, in order to discount Northam's testimony, *see Ferguson v. O'Malley*, 95 F.4th 1194, 1197–98 (9th Cir. 2024), the ALJ was required to "provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony," *id.* at 1200. Here, the ALJ provided such reasons.

---

[1] Northam also argues that the ALJ erred in evaluating the opinions of consultative psychologists Dr. D. Gregg and Dr. Mark Mozer. Northam forfeited these arguments "by not raising them before the district court." *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022); *see also United States v. Depue*, 912 F.3d 1227, 1232–34 (9th Cir. 2019) (en banc) (explaining the difference between waiver and forfeiture).

First, the ALJ noted that Northam's back pain and mental impairments were effectively addressed with medication and therapy, respectively. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [disability] benefits."). Furthermore, in declining to assign controlling weight to Northam's IQ test result, which reflected borderline intellectual functioning, the ALJ permissibly cited evidence that "it seemed clear that there was a potential [for Northam] to do better." *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (upholding an ALJ's consideration of an "observation that [a claimant] appeared not to exert adequate effort during testing"). Moreover, the ALJ noted that Northam's testimony contained several inconsistencies. For example, despite stating in May 2022 that "he used to use a cane" but no longer did, in February 2023, Northam testified that he had used a cane "[24] hours a day" since 2018. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (observing that an ALJ may consider a claimant's inconsistent statements concerning alleged symptoms). In addition, the ALJ permissibly noted inconsistencies between Northam's testimony and the testimony of lay witnesses. For example, despite testifying that he does not take out the garbage and that he "never make[s] food," Northam's sister reported that he "helps to take out the kitchen trash" and is able to "boil pasta" and "microwave food." Northam's daily

4                                                          25-2999

activities also contradicted his claimed limitations. Specifically, although he testified that he could focus for only "one to two minutes," physical examination records described daily activities requiring a longer attention span, including spending "most of his day playing video games, listening to music, watching TV, or reading." *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (observing that an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms").

3.      Northam additionally contends that the ALJ's RFC assessment and questioning of the vocational expert were flawed because they failed to include limitations described by himself and by Donato and other medical professionals. But because, as explained above, the ALJ did not err in evaluating Northam's testimony or the medical opinions, this derivative argument fails. *See Kitchen v. Kijakazi*, 82 F.4th 732, 742 (9th Cir. 2023).

4.      Northam asserts that, in light of *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), "an ALJ's conclusion is no longer entitled to be upheld if the evidence is susceptible to more than one rational interpretation." We decline to consider the issue because Northam failed to present his argument with any specificity in his briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (explaining that we cannot

"manufacture arguments for an appellant" and thus will "review only issues which are argued specifically and distinctly in a party's opening brief" (citation omitted)); Fed. R. App. P. 28(a)(8)(A) ("The appellant's brief must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.").

**AFFIRMED.**